1 | Michael K. Friedland (SBN 157,217)
mfriedland@knobbe.com
2 | Paul N. Conover (SBN 192,358)
pconover@knobbe.com
3 | Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
4 | KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
5 | Irvine, CA  92614
Telephone: (949) 760-0404
6 | Facsimile:  (949) 760-9502

7 | Attorneys for Plaintiff
OAKLEY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HIRE ORDER, LTD., d/b/a HANDSFREEVIDEO.COM, a Virginia corporation, and GLOBAL ONE SALES AND DISTRIBUTION SPORTSMAN EYEWEAR, LLC, a Pennsylvania company.<br><br>　　　　　Defendants. | **'12CV2346 CAB MDD**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Oakley, Inc. ("Oakley") hereby complains of Defendants Hire Order, Ltd., d/b/a Handsfreevideo.Com ("Hire Order") and Global One Sales And Distribution Sportsman Eyewear, LLC ("Global One") (collectively, "Defendants") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338, as it arises under the patent laws of the United States.

2. This Court has personal jurisdiction over Defendants because Defendants have a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products for sale in this judicial district, and by committing acts of patent infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c), and 28 U.S.C. § 1400(b).

## II. THE PARTIES

4. Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Hire Order is a corporation organized and existing under the laws of the state of Virginia and has a principal place of business at 59 Kite Place, Waynesboro, Virginia 22980.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Global One is a company organized and existing under the laws of the state of Pennsylvania and has a principal place of business at 6447 William Penn Highway, Alexandria, Pennsylvania 16611.

///

7. Oakley is informed and believes, and thereon alleges, that Defendants have each committed the acts alleged herein within this judicial district.

### III. GENERAL ALLEGATIONS

8. Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of several lines of eyewear that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

9. On June 20, 2006, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D523,461 ("the D461 patent"), entitled "EYEGLASS COMPONENT." Oakley is the owner by assignment of all right, title, and interest in the D461 patent. A true and correct copy of the D461 patent is attached hereto as Exhibit A.

10. Defendants manufacture, use, sell, offer for sale and/or import into the United States eyewear that infringe Oakley's intellectual property rights.

11. Defendants were each provided written notice of Oakley's proprietary rights in the D461 patent in separate letters, each dated June 22, 2011, which are attached hereto as Exhibits B and C, respectively.

### IV. CLAIM FOR RELIEF

(Patent Infringement)
(35 U.S.C. § 271)

12. Oakley repeats and re-alleges the allegations of paragraphs 1-11 of this complaint as if set forth fully herein.

13. This is a claim for patent infringement under 35 U.S.C. § 271.

14. Defendants, through their agents, employees and servants, have, and continue to, knowingly, intentionally and willfully infringe the D461 patent by making, using, selling, offering for sale and/or importing eyewear that are covered by the claim of the D461 patent, including Defendants' *Sportsman Eyewear* video recording system.

/ / /

15. Defendants' acts of infringement of the D461 patent were undertaken without permission or license from Oakley. Defendants had actual knowledge of the D461 patent and acted despite an objective likelihood that their actions constituted infringement of the D461 patent. Defendants' actions constitute willful and intentional infringement of the D461 patent.

16. As a direct and proximate result of Defendants' infringement of the D461 patent, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Oakley.

17. Pursuant to 35 U.S.C. § 289, Oakley is entitled to Defendants' total profits from Defendants' infringement of the D461 patent.

18. Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendants' infringing acts and treble damages together with interests and costs as fixed by this Court.

19. Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

20. Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

21. Defendants will continue to directly and/or indirectly infringe the Asserted Patents to the great and irreparable injury of Oakley, unless enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendants for the following relief:

A. An Order adjudging Defendants to have willfully infringed the D461 patent under 35 U.S.C. § 271;

B. A preliminary and permanent injunction enjoining Defendants, their respective officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, from infringing the D461 patent in violation of 35 U.S.C. § 271;

C. That Defendants account for all gains, profits, and advantages derived by Defendants' infringement of the D461 patent in violation of 35 U.S.C. § 271, and that

Defendants pay to Oakley all damages suffered by Oakley and/or Defendants' total profits from such infringement;

  E.  An Order for a trebling of damages and/or exemplary damages because of Defendants' willful conduct pursuant to 35 U.S.C. § 284;

  F.  An Order adjudging that this is an exceptional case;

  G.  An award to Oakley of the attorneys' fees and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

  H.  An award of pre-judgment and post-judgment interest and costs of this action against Defendants;

  I.  That Oakley have and recover the costs of this civil action, including reasonable attorneys' fees.

  J.  An award of pre-judgment and post-judgment interest and costs of this action against Defendants;

  K.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 25, 2012  By: *s/Ali S. Razai*
            Michael K. Friedland
            Paul N. Conover
            Ali S. Razai

            Attorneys for Plaintiff
            OAKLEY, INC.

## DEMAND FOR JURY TRIAL

Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 25, 2012   By: *s/Ali S. Razai*
       Michael K. Friedland
       Paul N. Conover
       Ali S. Razai

Attorneys for Plaintiff
OAKLEY, INC.

13753747