1

2

3

4

5

6

7

8                   **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   OAKLEY, INC., a Washington corporation,          CASE NO. 12cv2346 DMS (MDD)

12                                    Plaintiff,      **ORDER DENYING**
                                                      **DEFENDANT'S MOTION FOR**
13        vs.                                         **PARTIAL SUMMARY**
                                                      **JUDGEMENT OF NON-**
14   HIRE ORDER, LTD., d/b/a                          **INFRINGEMENT**
     HANDSFREEVIDEO.COM, a Virginia
15   corporation, et al.,                             [Docket No. 17]

16                                   Defendants.

17

18        This matter comes before the Court on Defendant's motion for summary judgment of non-

19   infringement.  Plaintiff filed an opposition to the motion, and Defendant filed a reply.  For the reasons

20   discussed below, the Court denies the motion.

21                                           **I.**

22                                **FACTUAL BACKGROUND**

23        Plaintiff Oakley, Inc. is the owner by assignment of United States Design Patent Number

24   523,461 ("the '461 Patent").  (Decl. of John K. Buche in Supp. of Mot. ("Buche Decl."), Ex. A.)  The

25   '461 Patent claims a design for an eyeglass component.  Specifically, the design consists of an

26   eyeglass frame with bulbous areas on each arm and buttons on each bulbous area.  The frames are

27   curved and have ridges across the front bridge.  There is a dip in the nose bridge, which consists of

28   an x-shaped piece that sits on the nose.

1    Defendants Hire Order, Ltd. and Global One Sales and Distribution Sportsman Eyewear, LLC

2    sell Sportsman Eyewear. (*See* Buche Decl., Ex. B.) Plaintiff alleges the Sportsman Eyewear infringes

3    the '461 Patent.

4    On September 26, 2012, Plaintiff filed the present case.  Defendant filed its Answer to the

5    Complaint on December 11, 2012.  The present motion followed.

6    **II.**

7    **DISCUSSION**

8    Defendant moves for partial summary judgment of non-infringement of the '461 Patent.  It

9    argues its  Sportsman Eyewear does not infringe.  Plaintiff disputes that argument, and asserts, at a

10   minimum, there is a genuine issue of material fact making summary judgment inappropriate.

11   **A.    Summary Judgment**

12   "Summary judgment is appropriate when no genuine issue of material fact exists and the

13   moving party is entitled to judgment as a matter of law."  *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,

14   430 F.3d 1377, 1380 (Fed. Cir. 2005) (citing Fed. R. Civ. P. 56(c)).  "A material issue of fact is one

15   that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions

16   of the truth."  *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

17   The moving party has the initial burden of demonstrating that summary judgment is proper.

18   *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  To meet this burden, the moving party must

19   identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the

20   absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If

21   the moving party satisfies this initial burden, then the burden shifts to the opposing party to show that

22   summary judgment is not appropriate.  *Id.* at 324.  The opposing party's evidence is to be believed,

23   and all justifiable inferences are to be drawn in its favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

24   242, 255 (1986).  *See also IPXL*, 430 F.3d at 1380 (quoting *Chiuminatta Concrete Concepts, Inc. v.*

25   *Cardinal Indus.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998)) (stating "'evidence must be viewed in the light

26   most favorable to the party opposing the motion, with doubts resolved in favor of the opponent.'")

27   However, to avoid summary judgment, the opposing party cannot rest solely on conclusory

28   allegations.  *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).  Instead, it must designate specific

1    facts showing there is a genuine issue for trial.  *Id.*  More than a "metaphysical doubt" is required to

2    establish a genuine issue of material fact."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,

3    475 U.S. 574, 586 (1986).

4    **B.      Non-Infringement**

5            A determination of infringement, or in this case non-infringement, "requires a two-step

6    analysis. 'First, the claim must be properly construed to determine its scope and meaning.  Second,

7    the claim as properly construed must be compared to the accused device or process.'"  *Terlep v.*

8    *Brinkmann Corp.*, 418 F.3d 1379, 1381 (Fed. Cir. 2005) (quoting *Carroll Touch, Inc. v. Electro Mech.*

9    *Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)).  *See also Biagro Western Sales, Inc. v. Grow More*

10   *Inc.*, 423 F.3d 1296, 1301 (Fed. Cir. 2005) (citing *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448,

11   1454 (Fed. Cir. 1998)); *Research Plastics, Inc. v. Federal Packaging Corp.*, 421 F.3d 1290, 1295

12   (Fed. Cir. 2005); *Aquatex Indus., Inc. v. Techniche Solutions*, 419 F.3d 1374, 1379 (Fed. Cir. 2005)

13   (quoting *Ranbaxy Pharms., Inc. v. Apotex, Inc.*, 350 F.3d 1235, 1239-40 (Fed. Cir. 2003)) (same).  The

14   first step is a question of law, and the second step is a question of fact.  *Nystrom v. Trex Co., Inc.*, 424

15   F.3d 1136, 1141 (Fed. Cir. 2005).

16           In this case, the parties dispute whether claim construction is necessary, and if so, the extent

17   of that construction.  The Federal Circuit "has held that trial courts have a duty to conduct claim

18   construction in design patent cases, as in utility patent cases," but "the court has not prescribed any

19   particular form that the claim construction must take."  *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d

20   665, 679 (Fed. Cir. 2008).  "As the Supreme Court has recognized, a design is better represented by

21   an illustration 'than it could be by any description and a description would probably not be intelligible

22   without the illustration.'"  *Id.* (quoting *Dobson v. Dornan*, 118 U.S. 10, 14 (1886)).  Accordingly, "the

23   preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent

24   claim by providing a detailed verbal description of the claimed design."  *Id.*  This Court finds that

25   course appropriate here, and thus declines to issue a verbal description of the '461 Patent.  Instead,

26   the Court agrees with Plaintiff that "the D461 Patent should be construed as the ornamental design for

27   an eyeglass component, as shown and described in Figures 1 through 6 of the patent."  (Opp'n to Mot.

28   / / /

1   at 16.)  (*See also* Decl. of Ali S. Razai in Supp. of Opp'n to Mot., Ex. 21) (declining to construe the

2   '461 Patent).[1]

3          As so construed, the Court must now undertake a comparison of the accused device with the

4   claimed design to determine whether there is infringement.  For design patents, courts use the ordinary

5   observer test.  This test provides:

6          "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually
           gives, two designs are substantially the same, if the resemblance is such as to deceive
7          such an observer, inducing him to purchase one supposing it to be the other, the first
           one patented is infringed by the other."

8

9   *Egyptian Goddess*, 543 F.3d at 670 (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)).  Here,

10  Defendant argues the accused product is "incredibly different" from the claimed design of the '461

11  Patent, therefore there is no infringement.

12         In support of this argument, Defendant points to the arms and nose bridge of the claimed

13  design versus the accused product.  With respect to the arms, Defendant asserts the accused product

14  has smooth arms while the arms on the claimed design have a claw or rib-like pattern.  Defendant also

15  claims the buttons on the arms of the accused product are in different locations from the claimed

16  design, and are plain when compared to the ornate button podiums on the claimed design.  Defendant

17  also contends the arms of the accused product are contoured, while the arms in the claimed design are

18  not, and that the USB input on the accused product is in a different location than the claimed design

19  and includes an additional input for Micro-SD.  Turning to the nose bridge, Defendant states the

20  accused product lacks the scoop on the top of the nose bridge depicted in the claimed design as well

21  as the x-shaped protrusion on the front of the nose bridge in the claimed design.

22         Plaintiff acknowledges there are differences between the accused product and the claimed

23  design, but argues they are insufficient to show non-infringement.  Plaintiff asserts that when the

24  / / /

25

26         [1] Defendant argues certain features of the claimed design are functional and therefore not
    entitled to design patent protection.  In *Oakley, Inc. v. Predator Outdoors Products, LLC*, Case
27  Number SACV 11-00456-JVS (PLAx), the defendant raised the same argument on the '461 Patent,
    and the court rejected it.  (*See id.*)  This Court finds the reasoning of that case persuasive, and thus
28  rejects Defendant's argument that certain features of the claimed design are functional, and therefore
    not entitled to design patent protection.

1  accused product is viewed as a whole, there is an "overwhelming similarity" between it and the

2  claimed design, or at a minimum, a question of fact sufficient to defeat summary judgment.

3       Of these two approaches and arguments, the Court agrees with Plaintiff that Defendant has not

4  met its burden of proof to show non-infringement.  Although there are differences between the

5  accused product and the claimed design, "'mere difference of lines in the drawing or sketch ... or slight

6  variances in configuration ... will not destroy the substantial identity.'"  *Egyptian Goddess*, 543 F.3d

7  at 670 (quoting *Gorham*, 81 U.S. at 526-27).  When viewed as a whole, there is at least a genuine issue

8  of material fact whether the accused product infringes the claimed design.  Thus, Defendant is not

9  entitled to summary judgment on the basis of the differences between the accused product and the

10  claimed design.

11  **III.**

12  **CONCLUSION AND ORDER**

13       For these reasons, the Court denies Defendant's motion for partial summary judgment of non-

14  infringement.

15       **IT IS SO ORDERED.**

16  DATED:  March 28, 2013

17  _____

18  HON. DANA M. SABRAW
    United States District Judge

19

20

21

22

23

24

25

26

27

28