Michael K. Friedland (SBN 157,217)
mfriedland@knobbe.com
Paul N. Conover (SBN 192,358)
pconover@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff
OAKLEY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>HIRE ORDER, LTD., d/b/a HANDSFREEVIDEO.COM, a Virginia corporation, and GLOBAL ONE SALES AND DISTRIBUTION SPORTSMAN EYEWEAR, LLC, a Pennsylvania company,<br><br>Defendants.<br><br>HIRE ORDER, LTD., d/b/a HANDSFREEVIDEO.COM, a Virginia corporation, and GLOBAL ONE SALES AND DISTRIBUTION SPORTSMAN EYEWEAR, LLC, a Pennsylvania company<br><br>Counterclaimants,<br><br>v.<br><br>OAKLEY, INC., a Washington corporation,<br><br>Counterdefendant. | Case No. 12CV02346 DMS (WMC)<br><br>**PLAINTIFF/COUNTER DEFENDANT OAKLEY, INC.'S REPLY TO DEFENDANTS/ COUNTERCLAIMANTS HIRE ORDER, LTD., d/b/a HANDSFREEVIDEO.COM, AND GLOBAL ONE SALES, AND DISTRIBUTION SPORTSMAN EYEWEAR, LLC COUNTERCLAIMS FOR:**<br><br>**(1) DECLARATORY JUDGMENT OF NON-INFRINGMENT;**<br><br>**(2) DECLARATORY JUDGMENT OF INVALIDITY;**<br><br>**(3) UNFAIR COMPETITION – COMMON LAW;**<br><br>**(4) UNFAIR COMPETITION – CALIFORNIA BUSINESS & PROFESSIONAL CODE § 17200, ET. SEQ.;**<br><br>**(5) DECLARATORY JUDGMENT OF INVALIDITY BASED ON FRAUD ON THE PATENT OFFICE AND INQUITABLE CONDUCT**<br><br>**(6) TORTIOUS INTEREFERENCE FOR ONGOING BUSINESS RELATIONS** |

Plaintiff and Counterdefendant Oakley, Inc. ("Oakley") hereby replies to Defendants and Counterclaimants Hire Order, Ltd., d/b/a Handsfreevideo.Com and Global One Sales And Distribution Sportsman Eyewear, LLC's (collectively, "Defendants") Counterclaims.  The numbered paragraphs of this Reply correspond to the numbered paragraphs of Defendants' Counterclaims.

## THE PARTIES[1]

1. Upon information and belief, Oakley admits the allegations of Paragraph 1 of the Counterclaims.

2. Upon information and belief, Oakley admits the allegations of Paragraph 2 of the Counterclaims.

3. Oakley admits the allegations of Paragraph 3 of the Counterclaims.

## JURISDICTION AND VENUE

4. Oakley admits the allegations of Paragraph 4 of the Counterclaims.

5. Oakley admits the allegations of Paragraph 5 of the Counterclaims.

## FACTUAL ALLEGATIONS

6. Oakley admits the allegations of Paragraph 6 of the Counterclaims.

7. Oakley admits that U.S. Patent No. D523,461 claims the ornamental design for an eyeglass component, as shown and described in Figures 1 through 6 of U.S. Patent No. D523,461.  Oakley denies the remaining allegations of Paragraph 7 of the Counterclaims.

## FIRST COUNTERLCAIM
## (DECLARATORY JUDGMENT NON-INFRINGEMENT)

8. Oakley incorporates by reference its replies to Paragraphs 1 through 7 of the Counterclaims as though fully set forth herein.

---

[1] To facilitate the Court's review of the allegations in the Counterclaims and Oakley's responses thereto, Oakley has incorporated the headings that appear in the Counterclaims.  It should be understood that Oakley does not necessarily agree with the characterization in such headings and does not waive any right to object to such characterizations or their implications.

9. Oakley admits the allegations of Paragraph 9 of the Counterclaims.

10. Oakley admits that in their Answer and Counterclaims, Defendants contend that they have not infringed and are not presently directly or indirectly infringing any claim of the '461 patent, either literally or under the doctrine of equivalents. Oakley denies that Defendants have not infringed and are not presently directly or indirectly infringing any claim of the '461 patent, either literally or under the doctrine of equivalents. Oakley admits that Defendants purport to seek a judicial determination and declaration of the respective rights and duties of the parties based on Defendants' contentions. Defendants' allegation that such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the non-infringement of the claims of the '461 patent is a legal conclusion to which no response is required; to the extent a response is required, Oakley denies this allegation. Oakley denies the remaining allegations of Paragraph 10 of the Counterclaims.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT INVALIDITY OF THE '461 PATENT)

11. Oakley incorporates by reference its replies to Paragraphs 1 through 10 of the Counterclaims as though fully set forth herein.

12. Oakley admits that in their Answer and Counterclaims, Defendants contend that the '461 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C. §§ 101, 102(a)-(g), 103, and/or 112, and the rules and regulations and laws pertaining thereto. Oakley denies that the '461 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C. §§ 101, 102(a)-(g), 103, and/or 112, and the rules and regulations and laws

/ / /

pertaining thereto. Oakley denies the remaining allegations of Paragraph of the Counterclaims.

13. Oakley admits that Defendants seek a judicial determination and declaration of the respective rights and duties of the parties based on Defendants' contentions. Defendants' allegation that such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '461 patent is a legal conclusion to which no response is required; to the extent a response is required, Oakley denies this allegation. Oakley denies the remaining allegations of Paragraph 13 of the Counterclaims.

## THIRD COUNTERCLAIM
## (UNFAIR COMPETITION – COMMON LAW)

14. Oakley incorporates by reference its replies to Paragraphs 1 through 14 of the Counterclaims as though fully set forth herein.

15. Oakley lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Counterclaims, and therefore denies those allegations.

16. Oakley denies the allegations of Paragraph 16 of the Counterclaims.

17. Oakley denies the allegations of Paragraph 17 of the Counterclaims.

18. Oakley denies the allegations of Paragraph 18 of the Counterclaims.

19. Oakley denies the allegations of Paragraph 19 of the Counterclaims.

20. Oakley denies the allegations of Paragraph 20 of the Counterclaims.

/ / /

# FOURTH COUNTERCLAIM
## (UNFAIR COMPETITION – CALIFORNIA BUSINESS & PROFESSIONAL CODE §17200, ET SEQ.

21. Oakley incorporates by reference its replies to Paragraphs 1 through 20 of the Counterclaims as though fully set forth herein.

22. Oakley denies the allegations of Paragraph 22 of the Counterclaims.

23. Oakley denies the allegations of Paragraph 23 of the Counterclaims.

24. Oakley denies the allegations of Paragraph 24 of the Counterclaims.

# FIFTH COUNTERCLAIM
## (INVALIDITY BASED ON FRAUD ON THE PATENT OFFICE AND INEQUITABLE CONDUCT)

25. Oakley incorporates by reference its replies to Paragraphs 1 through 24 of the Counterclaims as though fully set forth herein. Defendants have incorporated by reference the allegations in the affirmative defenses set forth in paragraphs 37-39 (Thirteenth Affirmative Defense) of their Answer. Oakley denies the allegations of paragraph 37 of Defendants' Answer. Paragraph 38 of Defendants' Answer incorporates by reference Defendants' Counterclaim of Inequitable Conduct and Oakley incorporates by reference its replies to Paragraphs 26 through 34 of the Counterclaims as though fully set forth herein. Paragraph 39 of Defendants' Answer recites a reservation of rights to which no response is required; to the extent a response is required, Oakley denies the allegations of Paragraph 39 of Defendants' Answer.

26. Oakley denies the allegations of Paragraph 26 of the Counterclaims.

/ / /

27. Oakley admits that James H. Jannard, Hans Karsten Moritz, and Lek Thixton are listed as inventors on U.S. Patent No. D523,461. Oakley denies the remaining allegations of Paragraph 27 of the Counterclaims.

28. Oakley admits the allegations of Paragraph 28 of the Counterclaims.

29. Oakley admits that 37 CFR 1.56 states, in part, that "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section." Oakley admits that on October 18, 2004, James H. Jannard executed a Declaration, which states, in part, that "I believe I am the original, first and joint inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled EYEGLASS AND EYEGLASS COMPONENTS; the specification of which is attached hereto; . . . . I acknowledge the duty to disclose information which is material to patentability as defined in Title 37, Code of Federal Regulations, § 1.56." Oakley admits that on October 12, 2004, Hans Karsten Moritz executed a Declaration, which states, in part, that "I believe I am the original, first and joint inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled EYEGLASS AND EYEGLASS COMPONENTS; the specification of which is attached hereto; . . . . I acknowledge the duty to disclose information which is material to patentability as defined in Title 37, Code of Federal Regulations, § 1.56." Oakley admits that on November 23, 2004, Lek Thixton executed a Declaration, which states, in part, that "I believe I am the original, first and joint inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled EYEGLASS AND EYEGLASS COMPONENTS; the specification of which is attached    hereto; . . . . I acknowledge the duty

to disclose information which is material to patentability as defined in Title 37, Code of Federal Regulations, § 1.56." Oakley denies the remaining allegations of Paragraph 29 of the Counterclaims.

30. Oakley denies the allegations of Paragraph 30 of the Counterclaims.

31. Oakley denies the allegations of Paragraph 31 of the Counterclaims.

32. Oakley denies the allegations of Paragraph 32 of the Counterclaims.

33. Defendants' allegation that an actual controversy exists between the Defendants and Oakley with respect to the enforceability of U.S. Patent No. D523,461 is a legal conclusion to which no response is required; to the extent a response is required, Oakley denies this allegation. Oakley admits that Defendants seek a declaration that U.S. Patent No. D523,461 is unenforceable. Oakley denies that U.S. Patent No. D523,461 is unenforceable. Oakley denies the remaining allegations of Paragraph 33 of the Counterclaims.

34. Oakley denies the allegations of Paragraph 34 of the Counterclaims.

## SIXTH COUNTERCLAIM
## (TORTIOUS INTERFERENCE WITH ONGOING BUSINESS RELATIONS)

35. Oakley incorporates by reference its replies to Paragraphs 1 through 34 of the Counterclaims as though fully set forth herein.

36. Oakley denies the allegations of Paragraph 36 of the Counterclaims.

37. Oakley denies the allegations of Paragraph 37 of the Counterclaims.

/ / /

/ / /

# EXCEPTIONAL CASE

Oakley denies Defendants' allegations set forth under this heading.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendants' alleged counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants' alleged counterclaims are barred by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Defendants' alleged counterclaims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' alleged counterclaims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' alleged counterclaims are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' alleged counterclaims are barred by the doctrine of acquiescence.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Counterdefendant Oakley prays for judgment on Defendants' Counterclaims as follows:

A.  That the Court enter judgment in favor of Oakley and against Defendants on its Counterclaims;

B.  That Defendants take nothing by way of their Counterclaims;

C.  That the Counterclaims be dismissed with prejudice;

D.  That the Court declare that U.S. Patent No. D523,461 is valid, enforceable, and infringed by Defendants;

/ / /

1  E. That Oakley be awarded its costs incurred in defense of this action; and

2  F. That Oakley have such other and further relief as this Court deems just and proper

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 3, 2013     By: */s/Ali S. Razai*
Michael K. Friedland
Paul N. Conover
Ali S. Razai

Attorneys for Plaintiff
OAKLEY, INC.

## PROOF OF SERVICE

On May 3, 2013, I caused PLAINTIFF/COUNTERDEFENDANT OAKLEY, INC.'S REPLY TO DEFENDANTS/ COUNTERCLAIMANTS HIRE ORDER, LTD., d/b/a HANDSFREEVIDEO.COM, AND GLOBAL ONE SALES, AND DISTRIBUTION SPORTSMAN EYEWEAR, LLC COUNTERCLAIMS FOR: (1) DECLARATORY JUDGMENT OF NON-INFRINGMENT; (2) DECLARATORY JUDGMENT OF INVALIDITY; (3) UNFAIR COMPETITION – COMMON LAW; (4) UNFAIR COMPETITION – CALIFORNIA BUSINESS & PROFESSIONAL CODE § 17200, ET. SEQ.; (5) DECLARATORY JUDGMENT OF INVALIDITY BASED ON FRAUD ON THE PATENT OFFICE AND INQUITABLE CONDUCT (6) TORTIOUS INTEREFERENCE FOR ONGOING BUSINESS RELATIONS to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following person(s):

John Karl Buche
Lindsay D. Molnar
BUCHE & ASSOCIATES, P.C.
875 Prospect, Suite 305
La Jolla, CA 92037
jbuche@buchelaw.com
lmolnar@buchelaw.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 03, 2013 at Irvine, California.

_____
Maria Zavala